UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CERTAIN UNDERWRITERS at LLOYD'S, LONDON, Subscribing to Policies Numbered 8029663, 8001778, 8071754, 8072492, 8072737, and 8071620,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF PETTIT, an individual,<br><br>Defendant. | Case No. C17-259RSM<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on a Motion for Partial Summary Judgment filed by Plaintiffs Certain Underwriters at Lloyd's, London, Subscribing to Policies Numbered 8029663, 8001778, 8071754, 8072492, 8072737, and 8071620 ("Underwriters"). Dkt. #12. Plaintiffs seek summary judgment dismissal of Defendant Jeff Pettit's affirmative defenses related to preclusion (¶7.9), statute of limitations (¶7.10), indemnity (¶7.11), contribution (¶7.12), contributory negligence (¶7.13), and service of process (¶7.14). Dkt. #12. Defendant Jeff Pettit only opposes dismissal of the contributory negligence affirmative defense, conceding dismissal of the remainder. Dkt. #15. For the reasons set forth below, the Court GRANTS Plaintiffs' Motion.

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

# I. BACKGROUND

Because Plaintiffs seek only partial summary judgment, the Court will limit discussion to those facts relevant to the requested relief.

Plaintiffs are pursuing subrogated claims in this case against Defendant Pettit for property damage due to a marina fire. On February 21, 2014, a fire broke out at J Dock at the Shelter Bay Marina in La Conner, Washington. Dkt. #1 ("Complaint") at ¶¶ 3.1, 3.3. One of the several recreational vessels destroyed by the fire was the IN DECENT SEAS, owned by Pettit. Complaint at ¶ 3.1; Dkt. #6 ("Answer") at ¶ 7.5. Another of the damaged vessels was the SHEAR JOY, owned by Bill and Myo Shears ("the Shears"). Complaint at ¶ 3.1. The two vessels were moored next to each other.

The circumstances of the marina fire were previously presented to the Court in the context of a claim for exoneration brought by the Shears, which was decided in the Shears' favor on summary judgment. *See In re Complaint of Shears*, No. C14-1296RSM, 2016 U.S. Dist. LEXIS 258, at *15 (W.D. Wash. Jan. 4, 2016). Prior to this Court's ruling, notice of the Shears' Complaint was served on the owners of the other vessels damaged in the fire, including Pettit, as well as other potential claimants. *See* Dkt. #13-2. Several boat owners (or their insurers) and the marina filed claims in the limitation action. Dkt. #13 at ¶ 5. Those who did not, including Pettit, were defaulted on December 9, 2014. *Id*. and Dkt. #13-3.

Plaintiffs assert in this action that the fire was caused by Pettit's negligence and the unseaworthiness of IN DECENT SEAS. Complaint at ¶¶ 4.2–4.4, 5.2–5.4. Pettit denies liability.

//

//

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

## II. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

### B. Contributory Negligence Affirmative Defense

Plaintiffs argue that Defendant Pettit is "precluded (by way of collateral estoppel / issue preclusion) from offering as an affirmative defense that the Shears' negligence caused the fire"

because he defaulted in the prior case and because the Shears' negligence "was actually litigated by other parties and this Court decided on summary judgment that the Claimants could not prove the Shears were negligent..." Dkt. #12 at 17–18.

In Response, Pettit argues that claim and issue preclusion do not apply to the default judgment entered against Mr. Pettit in the Shears matter. Dkt. #15 at 1. Pettit also argues that the issues of where the fire started, and what object was the origin of the fire, were not actually litigated in the summary judgment in the *Shears* matter. *Id*. at 2.

Collateral estoppel bars a party from relitigating an issue if (1) the issue at stake is identical to the one alleged in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992). The doctrine of collateral estoppel, or issue preclusion, is "grounded on the premise that 'once an issue has been resolved in a prior proceeding, there is no further fact-finding function to be performed.'" *Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 864, 114 Cal. Rptr. 3d 241, 237 P.3d 565 (2010) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 n.23, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979)). Collateral estoppel both "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy, by preventing needless litigation." *Id*. (quoting *Parklane Hosiery Co.*, 439 U.S. at 326).

The Court has reviewed the briefing of the parties and the remainder of the record and finds that Defendant Pettit is barred by collateral estoppel from offering as an affirmative defense that the Shears' negligence caused the fire. This Court's decision on summary judgment in the earlier *Shears* action considered the identical issue of the Shears' negligence or

fault. *See In re Complaint of Shears,* No. C14-1296RSM, 2016 U.S. Dist. LEXIS 258, at *10–15 (W.D. Wash. Jan. 4, 2016). This issue was actually litigated by the parties who made an appearance in that case. The determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action, in that the Court exonerated the Shears from liability. Accordingly, the above elements for collateral estoppel are satisfied. While Defendant Pettit is barred from arguing the Shears' negligence caused the fire, he is not barred from arguing the unresolved issues of where the fire started and what object was the origin of the fire.

Defendant Pettit was a party to the original matter, although default judgment was entered against him. Default judgments are considered final judgments on the merits and are thus effective for the purposes of the related doctrine of *res judicata*. *Howard v. Lewis*, 905 F.2d 1318, 1323 (9th Cir. 1990). While the typical case involving a default judgment would lack the above necessary elements to satisfy the collateral estoppel test, the fact that Pettit defaulted rather than participate in the case is not dispositive because the prior case proceeded with other parties actually litigating the issue of the Shears' fault. Defendant Pettit had every opportunity to litigate the issue. His default will not serve as an opportunity to relitigate this issue. Given all of the above, the Court will dismiss this affirmative defense as to the Shears' contributory negligence.

### III. CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Partial Summary Judgment (Dkt. #12) is GRANTED as follows:

1) Defendant Jeff Pettit's affirmative defenses related to preclusion (¶7.9), statute of limitations (¶7.10), indemnity (¶7.11), contribution (¶7.12), and service of process (¶7.14) are DISMISSED;

2) Defendant Jeff Pettit's affirmative defense of contributory negligence (¶7.13) is DISMISSED as it relates to the contributory negligence of William and Myo Shears. Defendant may pursue this affirmative defense as it relates to all other third-persons not a party to this action.

DATED this 1 day of March, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE