UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CERTAIN UNDERWRITERS at LLOYD'S, LONDON, Subscribing to Policies Numbered 8029663, 8001778, 8071754, 8072492, 8072737, and 8071620,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF PETTIT, an individual,<br><br>Defendant. | Case No. C17-259RSM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Jeff Pettit's Motion for Partial Summary Judgment. Dkt. #23. Mr. Pettit seeks summary judgment dismissal only of Plaintiffs' claim to recover costs incurred pursuant to the Oil Pollution Act ("OPA"). *Id*. Plaintiffs Certain Underwriters at Lloyd's, London, Subscribing to Policies Numbered 8029663, 8001778, 8071754, 8072492, 8072737, and 8071620 ("Plaintiffs") oppose this Motion, arguing that they are not bringing a claim under the OPA against Mr. Pettit and are therefore not subject to the mandatory claims presentation procedure of that statute. Dkt. #29. For the reasons set forth below, the Court DENIES Defendant's Motion.

## I. BACKGROUND

Because Mr. Pettit seeks only partial summary judgment, the Court will limit discussion to those facts relevant to the requested relief.

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

On February 21, 2014, a fire broke out at J Dock at the Shelter Bay Marina in La Conner, Washington. Dkt. #1 ("Complaint") at ¶¶ 3.1, 3.3. One of the several recreational vessels destroyed by the fire was the IN DECENT SEAS, owned by Mr. Pettit. Complaint at ¶ 3.1; Dkt. #6 ("Answer") at ¶ 7.5. Another of the damaged vessels was the SHEAR JOY, owned by Bill and Myo Shears ("the Shears"). Complaint at ¶ 3.1. The two vessels were moored next to each other. The circumstances of the marina fire were previously presented to the Court in the context of a claim for exoneration brought by the Shears, which was decided in the Shears' favor on summary judgment. *See In re Complaint of Shears*, No. C14-1296RSM, 2016 U.S. Dist. LEXIS 258, at *15 (W.D. Wash. Jan. 4, 2016).

Plaintiffs are pursuing subrogated claims in this case against Defendant Pettit for damages incurred by certain owners of vessels moored at Shelter Bay Marina. Plaintiffs assert three causes of action: first, common law negligence claims for damages incurred by all of their insured, Complaint at ¶¶ 4.1–4.4; second, common law unseaworthiness claims, again for damages incurred by all of the insured, *id.* at ¶¶ 5.1–5.4; third, a subrogated claim for damages incurred by the United States Government for oil cleanup, pursuant to the OPA, and paid by Bill and Myo Shears, *id.* at ¶¶ 6.1–6.6. With regard to this third cause of action, Plaintiffs allege that the Shears "were considered by the U.S. Coast Guard to be 'responsible parties' under the [OPA] for oil spilled due to the fire because oil had spilled from their vessel, SHEAR JOY." *Id*. at ¶ 6.2. The Shears were assessed $43,060.50 in costs by the Coast Guard, and this was paid out pursuant to an insurance policy. *Id*. at ¶¶ 6.3–6.4. Because Plaintiffs contend that the Shears were not at fault for the fire that caused the oil spill, they are hoping to recover these damages from Mr. Pettit, asserting that the Shears are subrogated to the rights of the U.S. Government pursuant to 33 U.S.C. § 2702(d)(1)(B). *Id*. at ¶ 6.6. Plaintiffs note that the

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

damages alleged for this third cause of action are already being sought in the prior two causes of action "and are not in addition." *Id*.

## II. DISCUSSION

**A. Legal Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

## B. Analysis

Congress passed the OPA, 33 U.S.C. § 2701 *et seq.*, after the Exxon Valdez oil spill "to streamline federal law so as to provide quick and efficient cleanup of oil spills, compensate victims of such spills, and internalize the costs of spills within the petroleum industry." *Rice v. Harken Expl. Co.*, 250 F.3d 264, 266 (5th Cir. 2001) (citing S. Rep. No. 101-94 (1989), as reprinted in 1990 U.S.C.C.A.N. 722, 723). To facilitate prompt cleanup and compensation, the OPA requires the "Coast Guard [to] identif[y] 'responsible part[ies]' who must pay for oil spill cleanup in the first instance." *Chuc Nguyen v. Am. Commer. Lines, L.L.C.*, 805 F.3d 134, 138 (5th Cir. 2015) (citing *United States v. Am. Commercial Lines*, LLC, 759 F.3d 420, 422 (5th Cir. 2014)). "Responsible parties are strictly liable for cleanup costs and damages and [are] first in line to pay [for] . . . damages that may arise under OPA." *Id.* Individuals and entities harmed by an oil spill may file claims against the responsible party for damages. However, "to promote settlement and avoid litigation," *Johnson v. Colonial Pipeline Co.*, 830 F. Supp. 309, 310 (E.D. Va. 1993), the OPA establishes specific procedures which claimants must follow. Specifically, the statute provides:

> (a) Presentment
>
> > Except as provided in subsection (b) of this section, all claims for removal costs or damages shall be presented first to the responsible party or guarantor of the source designated under section 2714(a) of this title.
>
> (b) Presentment to Fund
>
> > (1) In general
> > Claims for removal costs or damages may be presented first to the [Oil Liability Trust] Fund—
> > (A) if the President has advertised or otherwise notified claimants in accordance with section 2714(c) of this title;
>
> > . . .

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

> (c) Election
>
> If a claim is presented in accordance with subsection (a) of this section and—
>
> (1) each person to whom the claim is presented denies all liability for the claim, or
>
> (2) the claim is not settled by any person by payment within 90 days after the date upon which (A) the claim was presented, or (B) advertising was begun pursuant to section 2714(b) of this title, whichever is later,
>
> the claimant may elect to commence an action in court against the responsible party or guarantor or to present the claim to the [Oil Liability Trust] Fund.

33 U.S.C. § 2713. 33 U.S.C. §2702(d)(1)(B) provides:

> Subrogation of responsible party.
>
> If the responsible party alleges that the discharge or threat of a discharge was caused solely by an act or omission of a third party, the responsible party—
>
> (i) in accordance with section 1013 [33 USCS § 2713], shall pay removal costs and damages to any claimant; and
>
> (ii) shall be entitled by subrogation to all rights of the United States Government and the claimant to recover removal costs or damages from the third party or the Fund paid under this subsection.

Defendant Pettit's Motion is simple. He argues that because Plaintiffs never presented their claim as required by the OPA they are barred from bringing it in this Court. Dkt. #23.

In Response, Plaintiffs do not deny that they failed to follow the OPA's claim presentment procedure. Instead, Plaintiffs argue that Mr. Pettit misconstrues the OPA provisions above, the respective roles of the parties, and the nature of Plaintiffs' claims. Dkt. #29 at 1. Plaintiffs contend that "[n]one of the claims made against Pettit in this matter relate

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

to or arise from Pettit's status as a responsible party under OPA for the fuel discharged from his vessel (IN DECENT SEAS)," and that "[t]he claims against Pettit are not that he soiled the insureds' hulls with discharged fuel, but that his negligence and the unseaworthiness of his vessel damaged and /or sank the insureds' vessels and caused the Underwriters' damages." *Id*. at 1–2 n.1. Plaintiffs assert that "the Shears were the designated responsible party on whose behalf the claimants were paid," thus "no OPA-based claims were required to be presented to Pettit." *Id*. Plaintiffs argue that the term "responsible party" is a defined term under OPA, which in the case of fuel discharged from a vessel it means the vessel owner, and that it should not be conflated with the Plaintiffs' efforts to hold Mr. Pettit "responsible" for the damages arising from the marina fire. *Id*. at 2 n.3. Perhaps in the alternative, Plaintiffs argue that because they are seeking the same damages for their third cause of action (under the OPA) as they are seeking under their first two causes of action, "[t]he relief sought by Pettit in his motion… is inconsequential." *Id*. at 3.

On Reply, Defendant Pettit argues that he was also named a responsible party by the U.S. Coast Guard, and that Plaintiffs are really trying to seek oil recovery costs under the OPA. Dkt. #31. Mr. Pettit states that "[w]hen seeking direct recovery, or by subrogation, the claimant must comply with OPA's presentment rules…" citing *United States v. Am. Commer. Lines, L.L.C.*, 759 F.3d 420, 425 (5th Cir. 2014). Mr. Pettit argues that a responsible party can simultaneously be a claimant, citing *Unocal Corp. v. U.S.*, 222 F.3d 528 (9th Cir. 2000).

The Court agrees with Plaintiffs' analysis of the law and facts in this case. Plaintiffs are not bringing a claim, as claimants under the OPA, against Defendant for damages incurred by Defendant's spill. Instead, Plaintiffs have been designated the responsible party and are seeking to recover damages against a third party, pursuant to 33 U.S.C. § 2702(d)(1)(B). That

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

section explicitly permits Plaintiffs to pursue this type of claim, and nothing in the OPA requires Plaintiffs to present their claim, prior to filing suit, when it is a subrogated claim made to a third party for damages already paid. *United States v. Am. Commer. Lines, L.L.C.* does not stand for the proposition asserted by Mr. Pettit. That case merely restates the rule that a claimant must meet the OPA's claim presentment requirement, and holds that the Oil Liability Trust Fund can pay costs associated with oil cleanup and then "seek recoupment from the responsible party, having acquired by subrogation all rights of the claimant." 759 F.3d at 425. The case does not discuss responsible parties seeking damages against a third party. Similarly, *Unocal* only stands for the proposition that a responsible party can be considered a claimant "for the purposes of the OPA's prejudgment interest provision." 222 F.3d at 540. *Unocal* did not address whether a responsible party that paid damages to the U.S. Government and who is attempting to recover those costs from a third party pursuant to § 2702(d)(1)(B) is also a claimant subject to the claim presentment requirements of the OPA. Mr. Pettit does not provide further legal support. Given all of the above, Defendant Pettit has failed meet his burden on summary judgment and this motion is properly denied.

### III. CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Jeff Pettit's Motion for Partial Summary Judgment, Dkt. #23, is DENIED.

DATED this 6 day of March, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE