UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CERTAIN UNDERWRITERS at LLOYD'S, LONDON, Subscribing to Policies Numbered 8029663, 8001778, 8071754, 8072492, 8072737, and 8071620,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF PETTIT, an individual,<br><br>Defendant. | Case No. C17-259 RSM<br><br>ORDER GRANTING STIPULATED MOTION AUTHORIZING USE OF DEPOSITION TESTIMONY |

This matter comes before the Court on the parties' stipulated Motion Authorizing Use of Deposition Testimony Pursuant to FRCP 32. Dkt. #56.

Federal Rule of Civil Procedure 32 deals with the use of depositions in court proceedings. A party may use for any purpose the deposition of a witness other than a party if the Court finds: a) that the witness is dead; b) that the witness is more than 100 miles from the courthouse; c) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment; d) that the party offering the deposition could not procure the witness's attendance by subpoena; or e) that "exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." Fed. R. Civ. P. 32(a)(4).

The parties have stipulated to the use of videotaped depositions for three non-party witnesses in this case: Judith Anderson, Dean Anderson, and James Dobbs. At the Court's

ORDER GRANTING STIPULATED MOTION AUTHORIZING USE OF DEPOSITION TESTIMONY - 1

request, the parties have submitted the instant Motion to provide a basis for the Court to permit this to occur under the above rule.

For Judith and Dean Anderson, the parties state only that they are "elderly and as such have difficulty driving from La Conner Washington to Seattle for testimony at trial." Dkt. #56 at 1. For Mr. Dobbs, the parties state only that everyone involved agreed on taking a video deposition because the deponent intended to be on a "family vacation out of state" at the time of the trial. *Id*. at 1–2. The parties do not know if Mr. Dobbs is still on vacation at this time. The parties also state that an additional witness Helen Rasmussen, not previously listed as a witness, testified previously as a records custodian and is unavailable for trial. *Id*. at 2.

The Court is concerned with the manner in which the parties have attempted to use the above depositions. The parties apparently intended to simply stipulate to their use without the Court finding that the witnesses are unavailable under Rule 32(a)(4). To the extent that the parties rely on Rule 32(a)(4)(E), a motion such as this was required, setting forth "exceptional circumstances." The parties have submitted the bare minimum details for each witness.

However, despite these concerns, the Court will grant this Motion in the interest of justice and to avoid prejudicing the witnesses. Having reviewed the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that the parties' stipulated Motion Authorizing Use of Deposition Testimony (Dkt. #56) is GRANTED.

DATED this 18th day of October 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING STIPULATED MOTION AUTHORIZING USE OF DEPOSITION TESTIMONY - 2