UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CERTAIN UNDERWRITERS at LLOYD'S, LONDON, Subscribing to Policies Numbered 8029663, 8001778, 8071754, 8072492, 8072737, and 8071620,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF PETTIT, an individual,<br><br>Defendant. | Case No. C17-259RSM<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiffs' Motion for Reconsideration. Dkt. #70. The Court has determined that response briefing is unnecessary. *See* LCR 7(h)(3).

Plaintiffs seek reconsideration of the Court's Order Granting in Part Defendant's Motion in Limine, Dkt. #51. In that Order, the Court ruled that "Mr. Way's expert opinions that defects in Defendant's power cord adapter or inlet were due to 'movement, corrosion, damage and improper maintenance' are not admissible under FRE 702." Dkt. #51 at 7. The Court reached this ruling after considering the reliability factors set forth in *Daubert I, infra*, finding that "Mr. Way's theories as to the above causes of ignition are generally accepted

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 1

within the relevant scientific community, but that the theories have not been adequately tested as to the facts of this case." *Id*.

Plaintiffs now argue that the Court's ruling is clear error resulting in manifest injustice. Dkt. #70 at 1. Plaintiffs explain that Mr. Way's metallurgical analysis established "electrical activity" on one of the receptacle spades for the power cord at issue, leading to the conclusion that there was series arcing, which could only occur in high resistance electrical connections, and that the only way the shore power connection could have developed high resistance was if there was a gap between the conductors, which only forms due to looseness, dirt or grit, or corrosion, and that proper maintenance should have detected and/or prevented such a condition, and that this situation was unsafe and likely contributed to the fire. *Id*. at 2 (citing Dkt. #70). Plaintiffs argue that because Mr. Way followed NFPA 921, his conclusions are reliable.[1] *Id*. at 5–6. Plaintiffs repeat many of their prior arguments about the sufficiency of the testing, and argue that the sufficiency of testing goes to weight, not admissibility. *Id*. at 7–10.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

Under Rule 702, the trial court acts as a gatekeeper and ensures that the proffered scientific testimony meets certain standards of both relevance and reliability before it is

---

[1] As Plaintiffs point out, NFPA 921 states in part that "[i]n order to conform to the scientific method, once a hypothesis is developed, the investigator must test it using deductive reasoning." Dkt. #49 at 294. However, it goes on to state that "[t]he investigator does not have a valid or reliable conclusion unless the hypothesis can stand the test of careful and serious challenge," and that "a hypothesis can be tested physically by conducting experiments, analytically by applying accepted scientific principles, or by referring to scientific research, " but that "[w]hen relying on the research of others, the investigator… must ensure that the conditions, circumstances and variables of the research and those of the hypothesis are sufficiently similar." *Id*. Importantly, "[t]he testing process needs to be continued until all feasible hypotheses have been tested and one is determined to be uniquely consistent with the facts and with the principles of science," and "[i]f no hypothesis can withstand an examination by deductive reasoning, the issue should be considered undetermined." *Id*.

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 2

admitted. *Daubert v. Merrell Dow Pharm., Inc. ("Daubert I")*, 509 U.S. 579, 590, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The party proffering expert testimony has the burden of showing the admissibility of the testimony by a preponderance of the evidence. *Daubert I*, 509 U.S. at 592 n.10. "[J]udges are entitled to broad discretion when discharging their gatekeeping function" related to the admission of expert testimony. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-53, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)). Expert testimony must be reliable. The Supreme Court in *Daubert I* set forth the following factors for the trial court to consider when assessing the reliability of proffered expert testimony: (1) whether the expert's method, theory, or technique is generally accepted within the relevant scientific community; (2) whether the method, theory, or technique can be (and has been) tested; (3) whether the method, theory, or technique has been subjected to peer review and publication; and (4) the known or potential rate of error of the method, theory, or technique. 509 U.S. at 593-94.

The Court first finds that Plaintiffs do not present any new argument, or new facts which could not have been brought to the Court's attention earlier with reasonable diligence.[2] Turning to the issue of manifest error, after reviewing this Motion, the Court continues to find that Mr. Way's opinions relied in part on speculation, and that although he did some testing, including deductive reasoning, he did not adequately test each of the hypotheses upon which his ultimate conclusions were based, or adequately test other feasible hypotheses. Exclusion was proper under FRE 702 and *Daubert I*, and Plaintiffs have failed to demonstrate manifest error in the Court's prior Order.

---

[2] Plaintiffs state they "made the tactical decision" in their Response to Defendant's Motions in Limine "to focus [their] response to the broad attack based on purported lack of evidentiary support for [their] expert opinions, rather than the methodologies and testing employed by Mr. Way," and that "[t]hose issues are more fully discussed in this motion." Dkt. #70 at 3 n.4.

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 3

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Reconsideration, Dkt. #70, is DENIED.

DATED this 23 day of October, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE